UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILLIP HERNDON, #231404,
        Petitioner,

                                    CASE NO. 2:09-CV-12213
v.                                   HONORABLE PATRICK J. DUGGAN
CINDI CURTAIN,
        Respondent.
_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, AND DENYING A CERTIFICATE OF APPEALABILITY AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan on March 15, 2010

PRESENT: HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Michigan prisoner Phillip Herndon ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he is incarcerated in violation of his constitutional rights. Cindi Curtain ("Respondent"),[1] through counsel, has filed a motion to dismiss the petition for failure to comply with the one-year statute of

---

[1] Petitioner was incarcerated at the Oaks Correctional Facility when he originally filed his petition for writ of habeas corpus; however, he has since been transferred to the G. Robert Cotton Correctional Facility. The proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated petitioner is the warden of the facility where the petitioner is incarcerated. Rule 2(a) of the Rules Governing § 2254 Cases; see also *Edwards v. Johns*, 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006). In most cases where a petitioner is transferred to a different facility after the petition has been filed, the Court would order an amendment of the case caption. However, because the Court is denying the petition in this case, it finds no reason to do so.

limitations applicable to federal habeas actions. For the reasons set forth below, the Court grants Respondent's motion and dismisses the habeas petition. The Court also denies a certificate of appealability and denies Petitioner leave to proceed in forma pauperis on appeal.

## I. Facts and Procedural History

On October 25, 1992, Petitioner and two co-defendants were involved in three shootings at a Detroit apartment building following a card game. Two individuals were fired upon initially and then a police officer who responded to the scene was shot and wounded. Following a bench trial in the Recorder's Court for the City of Detroit (now Wayne County Circuit Court), Petitioner was convicted of three counts of assault with intent to commit murder, one count of felonious assault, and possession of a firearm during the commission of a felony. He was sentenced to concurrent terms of 20 to 30 years imprisonment on the assault with intent to murder convictions, a concurrent term of two to four years imprisonment on the felonious assault conviction, and a consecutive term of two years imprisonment on the felony firearm conviction in 1993.

Following sentencing, Petitioner filed an appeal as of right in the Michigan Court of Appeals, which affirmed his convictions. *People v. Herndon*, No. 166996 (Mich. Ct. App. June 14, 1996) (unpublished). Petitioner filed a delayed application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Herndon*, 454 Mich. 897, 564 N.W.2d 40 (April 25, 1997).

2

On May 7, 2004, Petitioner filed a motion for peremptory reversal with the state trial court, which was denied on May 14, 2004. (*See* Petition at 3; Wayne Co. Cir. Ct. Docket Sheet.) Petitioner filed an application for leave to appeal with the Michigan Court of Appeals, which was denied. *People v. Herndon*, No. 258742 (Mich. Ct. App. June 24, 2005) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Herndon*, 474 Mich. 976, 707 N.W.2d 198 (Dec. 27, 2005).

On November 6, 2006, Petitioner filed a motion for relief from judgment with the state trial court, *see* Wayne Co. Cir. Ct. Docket Sheet, which was denied. *People v. Herndon*, No. 92-013230-01 (Wayne Co. Cir. Ct. Jan. 31, 2007). Reconsideration was denied on April 17, 2007. Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied. *People v. Herndon*, No. 282207 (Mich. Ct. App. Feb. 5, 2008) (unpublished). Reconsideration was denied on March 20, 2008. Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Herndon*, 482 Mich. 988, 756 N.W.2d 55 (Sept. 22, 2008).

Petitioner signed the instant petition for a writ of habeas corpus on April 29, 2009. He raises claims concerning the right to confront witnesses, the sufficiency of the evidence, the exclusion of evidence, the withholding of evidence, the effectiveness of defense counsel, and the trial court's jurisdiction. At the time he instituted this action, Petitioner also filed a motion for equitable tolling, which the Court denied pending

3

Respondent's answer to the petition. Respondent has now filed a motion to dismiss the petition for failure to comply with the one-year statute of limitations established by 28 U.S.C. § 2244(d)(1). Petitioner has not filed a reply to the motion.

## II.  Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, became effective on April 24, 1996. The AEDPA governs the filing date for this case because Petitioner filed his pleadings after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 2068 (1997). The AEDPA establishes a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. Specifically, the revised statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). A habeas petition filed outside the time period prescribed by this section must be dismissed. *See Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

Petitioner's convictions became final after the AEDPA's April 24, 1996 effective date. The Michigan Supreme Court denied Petitioner's direct appeal on April 25, 1997. Petitioner then had 90 days in which to file a petition for a writ of certiorari with the United States Supreme Court. *See* Rule 13(1), Supreme Court Rules. With regard to the statute of limitations, therefore, his convictions became final on July 24, 1997. Petitioner was thus required to file his federal habeas petition on or before July 25, 1998, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner filed his motion for peremptory reversal with the state trial court in 2004 and filed his motion for relief from judgment with the state trial court in 2006. Thus, the one-year limitations period expired well before Petitioner sought state post-conviction or collateral review. A state court post-conviction motion filed after the expiration of the one-year limitations period cannot toll that period because there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F.3d 717, 718 n.1 (6th Cir. 2002); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Jurado v. Burt*, 337 F.3d 638, 641

(6th Cir. 2003). Therefore Petitioner's state post-conviction proceedings did not toll the running of the statute of limitations. Furthermore, the AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

Petitioner does not assert that the State created an impediment to filing his habeas petition or that his claims are based upon newly-discovered evidence or newly-created rights which would warrant habeas relief. His habeas action is thus barred by the statute of limitations set forth at 28 U.S.C. § 2244(d).

The United States Court of Appeals for the Sixth Circuit has determined that the one-year limitations period is subject to equitable tolling. In *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001), the Sixth Circuit ruled that the test to determine whether equitable tolling of the habeas limitations period is appropriate is the five-part test set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988). The five parts of this test are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008. "These factors are not necessarily comprehensive and they are not all relevant in all cases. Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis." *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002) (internal citation omitted). A petitioner has the burden of

demonstrating that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado*, 337 F.3d at 642 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

In his motion for equitable tolling, Petitioner asserts that the one-year limitations period should be equitably tolled due to his lack of legal knowledge and his belief that he had until one-year after the denial of state collateral review to file his petition. Petitioner has not set forth sufficient circumstances to justify the filing of his federal habeas action after the expiration of the one-year limitations period. The fact that Petitioner is untrained in the law, had to proceed without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403 (ignorance of the law does not justify tolling); *Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir. 2002) (illiteracy does not justify tolling); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of legal assistance does not justify tolling). The fact that Petitioner may have been mistaken about the operation of the one-year period also does not warrant tolling. *See, e.g., Pearson v. North Carolina*, 130 F. Supp. 2d 742, 744 (W.D. N.C. 2001) (equitable tolling not warranted where petitioner was ignorant of correct calculation of limitations period). Any miscalculation or misinterpretation of the plain language of § 2244(d) does not constitute an extraordinary circumstance sufficient

7

to justify equitable tolling of the one-year period. *See Fugate v. Booker*, 321 F. Supp. 2d 857, 861 (E.D. Mich. 2004) (citing *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000)).

Petitioner has also not shown diligence in seeking habeas relief given that he filed his state court motions for collateral review in 2004 and 2006 – seven and nine years, respectively, after his convictions became final. He then waited another seven months after the conclusion of the last of those proceedings to submit his federal habeas petition. Given such circumstances, Petitioner is not entitled to equitable tolling under *Dunlap*.

The Sixth Circuit has held that a credible claim of actual innocence may equitably toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1). *See Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005); *see also Holloway,* 166 F. Supp. 2d at 1190. As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 1611 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28, 115 S. Ct. 851, 867-68 (1995)). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324, 115 S. Ct. at 865. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623, 118 S. Ct. at 1611.

Petitioner has made no such showing. Petitioner's own self-serving assertions of innocence are insufficient to support his actual innocence claim. "A reasonable juror surely could discount [a petitioner's] own testimony in support of his own cause." *McCray v. Vasbinder*, 499 F.3d 568, 573 (6th Cir. 2007) (citing cases). Petitioner does not solely rely upon his own assertions. Rather, he asserts that he is actually innocent based upon an affidavit from co-defendant Dino Heard dated August 8, 2000, in which Heard indicates that he shot the police officer. According to the state court documents submitted with the petition, Heard was convicted of first-degree murder and sentenced to life without the possibility of parole in an unrelated case when he pleaded guilty to assault with intent to murder regarding the police officer's shooting.

Heard's affidavit, however, does not contain "new" information. The record reveals that the trial court was aware of Heard's statement that he was the person who shot the police officer at the time of trial, but deemed the statement untrustworthy. Moreover, Heard signed the affidavit in 2000 and Petitioner offers no explanation as to why he waited until 2004 and 2006 to seek state collateral review. Heard's affidavit is also not particularly reliable. Affidavits from co-defendants are inherently suspect with regard to actual innocence claims. *See Allen*, 366 F.3d at 405-06. Jailhouse recantations or admissions of guilt usually lack meaningful indicia of reliability and are "highly suspicious." *United States v. Connolly*, 504 F.3d 206, 215 (1st Cir. 2007). Heard's affidavit also contradicts the police officer's trial testimony identifying Petitioner as the person who shot him. Lastly, Heard's affidavit does not establish Petitioner's actual

innocence. Even if Petitioner did not personally shoot the police officer as Heard claims, Petitioner could still be found guilty of the crime as an aider and abettor. Petitioner has not presented a credible claim of actual innocence. He is therefore not entitled to equitable tolling of the one-year period on such a basis and his petition is untimely.

### III. Conclusion

Based on the foregoing analysis, the Court concludes that Petitioner failed to file his habeas petition within the one-year period established by 28 U.S.C. § 2244(d), that he is not entitled to statutory or equitable tolling of the one-year period, and that the statute of limitations precludes federal review of the petition. Accordingly, the Court **GRANTS** Respondent's motion to dismiss and **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000). When a district court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner

states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

Having considered the matter, the Court concludes that jurists of reason would not find debatable the Court's procedural ruling that the petition is untimely and cannot be saved by the doctrine of equitable tolling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** Petitioner leave to proceed in forma pauperis on appeal because such an appeal would be frivolous. *See* Fed. R. App. P. 24(a).

**SO ORDERED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies To:
Phillip Herndon, #231404
G. Robert Cotton Correctional Facility
3500 N. Elm Road
Jackson, Michigan 49201

Brian O. Neill, Esq.