UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILLIP HERNDON, #231404,

        Petitioner,

                                   CASE NO. 2:09-CV-12213
v.                                 HONORABLE PATRICK J. DUGGAN

CINDI CURTAIN,

        Respondent.
_____/

**ORDER DENYING MOTIONS TO HOLD CERTIFICATE OF APPEALABILITY
IN ABEYANCE, TO PROCEED IN FORMA PAUPERIS ON APPEAL, TO
APPOINT COUNSEL, AND FOR PRODUCTION OF DOCUMENTS**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan on May 18, 2010.

PRESENT: HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

This matter is before the Court on Petitioner's motions to hold a certificate of appealability in abeyance, to proceed *in forma pauperis* on appeal, to appoint counsel, and for production of documents. On March 15, 2010, the Court dismissed his habeas corpus petition for failure to comply with the applicable one-year statute of limitations. *See* 28 U.S.C. § 2244(d). The Court denied a certificate of appealability and denied leave to proceed *in forma pauperis* on appeal in its dismissal order. The Court finds no reason to reconsider that decision. A motion for reconsideration which presents issues already ruled upon by the

1

court, either expressly or by reasonable implication, will not be granted. *See Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); *Czajkowski v. Tindall & Assoc., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997). Petitioner has not met his burden of showing a palpable defect by which the Court has been misled or his burden of showing that a different disposition must result from a correction thereof, as required by Local Rule 7.1(h)(3).

Petitioner asks the Court to hold the certificate of appealability ruling in abeyance because prison officials did not mail his reply brief when he was transferred to another prison on January 26, 2010. Respondent filed an answer to the petition on December 9, 2009. Petitioner then had 45 days to file his reply in accordance with the Court's responsive pleading order. He did not do so. Any reply given to prison officials on January 26, 2010, would have been untimely. More importantly, Petitioner was well aware of the statute of limitations issue and had the opportunity to argue that issue given that he filed a motion for equitable tolling at the time he instituted this action. Although the Court denied the motion for equitable tolling without prejudice pending the State's answer to the petition, the Court considered Petitioner's arguments in ruling on the timeliness of the petition.

Lastly, the Court notes that a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a). The Court did so in this case. Petitioner has not sought reconsideration of the Court's dismissal order, submitted any opposition brief (even belatedly), nor shown that the Court's dismissal was erroneous. Accordingly, the Court **DENIES** Petitioner's motions to hold the certificate of appealability in abeyance and to proceed *in forma pauperis*

on appeal. Given this determination, the Court also **DENIES** Petitioner's motions to appoint counsel and for production of documents. There are no further matters to be decided by this Court. This case is closed.

    **IT IS SO ORDERED**.

    s/PATRICK J. DUGGAN
    UNITED STATES DISTRICT JUDGE

Copies To:
Phillip Herndon, #231404
G. Robert Cotton Correctional Facility
3510 N. Elm Road
Jackson, Michigan 49201-8877

Brian O. Neill, Esq.